UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASMINE BOND, | |
| Plaintiff, | CIVIL ACTION NO. 4:23-CV-1533 |
| v. | (MEHALCHICK, J.) |
| EXPERIAN INFORMATION SOLUTIONS, | |
| Defendant. | |

# ORDER

Plaintiff Jasmine Bond ("Bond") initiated this action against Experian Information Solutions ("Experian") in the United States District Court for the Eastern District of Pennsylvania on June 29, 2023. (Doc. 2, at 2). On that same day, Bond also filed a motion to proceed *in forma pauperis*. (Doc. 1, at 1). On September 8, 2023, this matter was transferred to this Court. (Doc. 5, at 3). On December 19, 2023, Magistrate Judge Daryl F. Bloom granted Bond's motion to proceed *in forma pauperis* and issued a summons for purposes of a proper and timely service. (Doc. 7). Bond failed to serve Experian within 90 days and subsequently, upon this Court's Order, failed to show cause as to why the case should not be dismissed. (Doc. 9; Doc. 10). On June 24, 2025, Judge Bloom issued a Report and Recommendation (the "Report") recommending that Bond's complaint be dismissed without prejudice for failure to affect proper service under Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 10). No objections have been filed to the Report, and the time to do so has passed. As such, the Court will **ADOPT** the Report and Recommendation in its entirety. (Doc. 10).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and

recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in Judge Bloom's Report and finds no clear error on the face of the record. (Doc. 10). As such, **IT IS HEREBY ORDERED THAT** the Report (Doc. 10) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. This matter is now **DISMISSED without prejudice.** The Clerk of Court is instructed to **CLOSE** this case.

BY THE COURT:

Date:  October 17, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**